**No. 22-1186**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

KRISTINA GARCIA,

*Plaintiff-Appellant*,

v.

BEAUMONT HEALTH ROYAL OAK HOSPITAL *et al*.

*Defendants-Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Michigan, Southern Division
Honorable Linda V. Parker

---

# Defendant-Appellee Beaumont Health Royal Oak Hospital's Opposition to Amicus Curiae's Motion for Leave to Participate in Oral Argument and For Additional Argument Time

Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com
*Attorneys for Defendant-Appellee*
*Beaumont Health Royal Oak Hospital*

While the EEOC may have a right to file an amicus brief without permission or an explanation of its brief's relevance, *see* Fed. R. App. P. 29(a)(2), that privilege does not extend to oral argument. Like any other party, the EEOC must seek permission to argue as an amicus. Fed. R. App. P. 29(a)(8). And in this circuit, an amicus must file a motion "stating the reason oral argument will aid the court." 6th Cir. R. 29.

The EEOC's boilerplate motion fails to meet this modest standard. It offers no specific reason for its desire to participate in oral argument besides its status as the EEOC and its interest in how Title VII is interpreted. But for the reasons set forth in Beaumont's appellate brief, this generalized interest has no applicability in *this* case.

*First*, the EEOC's two arguments—(1) that co-worker retaliatory harassment claims are evaluated under a "sufficiently severe" rather than a "severe or pervasive" standard; and (2) that constructive discharge claims do not require deliberate intent by the employer—were not raised on appeal by the appellant. The EEOC may not raise those waived issues on her behalf through an amicus brief. *See* Beaumont's Br. at 42, 52-53. The EEOC thus has no basis to present oral argument on those grounds either.

*Second*, the EEOC's arguments are academic; indeed, the EEOC's own brief did not allege (let alone explain) how its preferred interpretation of Title VII would have led to a different result here. The EEOC did not claim that the alleged retaliatory harassment—Rachel Luca's denials that she touched Garcia—reflected retaliation, let alone "sufficiently severe" retaliation under the EEOC's preferred standard. *See* Beaumont Br. 53 n.8. And the EEOC acknowledges that constructive discharge requires circumstances "so intolerable that a reasonable person would resign," but does not claim that the conditions of Garcia's resignation—her speculative fear that Luca, who had been fired months earlier, *might* get her job back and *might* work near her—were intolerable. *See* EEOC Br. 9-13; Beaumont Br. at 43-48.

Given that the EEOC's statutory interpretation arguments are not properly before the Court and would not alter the outcome, there is no reason to permit the EEOC argument. Moreover, this Court has stated that, despite setting an oral argument date, it may yet "conclude… that argument is not necessary" and submit the case on the briefs. *See* Appellate Dkt. 32. Beaumont believes that oral argument is unnecessary, given the multiple independent grounds for affirming

Judge Parker's thorough opinion (including several issues that Appellant Garcia failed to address in her brief, *see* Beaumont's Br. 30-31, 41-42, 49, 50.) Should this Court agree that the case should be decided on the briefs, the EEOC's request for argument would be moot. The EEOC's motion should be denied.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: /s/*Thomas J. Davis*
Eric J. Pelton (P40635)
Thomas J. Davis (P78626)
Attorneys for Defendant-Appellee
Beaumont Health Royal Oak Hospital
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: August 30, 2022

456353

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2022, I electronically filed this document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/*Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 North Old Woodward Ave, Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

456353